EXHIBIT

A

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

| | |
|---|---|
| **DANIEL LEE WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) Civil Action File No. 5:24-cv-00095 |
| **WILLIAM DANFORTH, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| ———————————————— | ) |

## <u>DECLARATION OF EVA HARRELL</u>

Under 28 U.S.C. § 1746, I provide the following testimony under penalty of perjury:

1. My name is Eva Harrell. I am of legal age and competent to testify in this matter.

2. I am the Grievance Coordinator at Coffee Correctional Facility ("CCF"), a Georgia state private prison facility managed and operated by CoreCivic, Inc. In that capacity, I am familiar with the Georgia Department of Corrections Statewide Grievance Procedure (the "Grievance Procedure"), which governs the administrative process for addressing grievances filed by its inmates, and with the records that CCF maintained in connection with the Grievance Procedure.

3. Attached hereto as **Exhibit A-1** is a true and correct copy of the applicable Grievance Procedure. Attached as **Exhibit A-2** is a true and correct copy of an excerpt from the Orientation Handbook for Offenders, which is given to each inmate upon entering CCF, including Plaintiff. The excerpt includes the Handbook's instructions for submitting claims in accordance with the Lost/Stolen Property Procedure as well as filing administrative

grievances. CCF maintains and uses both the Grievance Procedure and the Orientation Handbook in its ordinary course of operations. Copies of the Grievance Procedure and Lost/Stolen Property Procedure are also available in the law library at CCF.

4.  CCF has a two-level prisoner administrative grievance scheme. First, the inmates must submit a formal grievance internally at CCF. The grievance must be submitted no later than ten (10) calendar days from the date the inmate knew, or should have known, about the facts giving rise to the grievance. Second, if an inmate is dissatisfied with the response of CCF officials, he may appeal that decision to the Georgia Department of Corrections' ("GDC") Central Office in Atlanta. CCF's administrative Grievance Procedure is not complete until the appeal is fully exhausted to the GDC.

5.  If an inmate has a concern about lost or stolen property, he must first submit a claim in accordance with CCF's Lost/Stolen Property procedure before filing a grievance. Claim forms are available and can be requested from any staff member in the inmate's unit. The form must be completed within seven days of the incident and receipts for missing items must accompany the form. This process must be exhausted prior to filing a grievance. The Lost Stolen/Property procedure is included in the attached Orientation Handbook for Offenders, **Exhibit A-2**.

6.  CCF regularly maintains records and information related to Lost/Stolen Property. This includes any documentation that is submitted with a property claim or generated during an investigation of the claim.

7.  CCF regularly maintains records and information related to the administration of grievances filed by its inmates. This includes any documentation that is filed or generated during an administrative grievance appeal to the GDC Central Office.

2

8.  To initiate a grievance, an inmate must submit a formal, written grievance form. Inmates can obtain grievance forms in the control rooms of CCF's living units. Inmates may request grievance forms from any CCF staff. An inmate can deliver the completed grievance to any CCF counselor.

9.  In my capacity as CCF's Grievance Coordinator, I have reviewed CCF's grievance records related to Daniel Williams. Based on that review, I received the following information.

10. Williams has submitted a total of twelve grievances since he has been housed at CCF.

11. Williams filed a grievance on December 16, 2022, complaining that he was struck and knocked down by a food cart operated by CF inmates. Plaintiff alleges the inmates were operating the heavy metal food cart at a high speed and horseplaying without paying attention to who was in the hallway. Plaintiff's grievance states that he was injured as a result of the cart striking him. Plaintiff requested that the kitchen inmates be warned by staff members and security officers to refrain from pushing the cart at high speeds and that strict rules be put in place to secure inmate safety. On January 6, 2023, his grievance was partially granted by Assistant Warden Stone. The grievance response states, "Administration advised offenders who push food carts to be more careful and aware of their surroundings." Plaintiff did not file an appeal in response to the Warden's reply. The records for that grievance, Grievance No. 346973, are attached hereto as **Exhibit A-3**.

12. Williams filed another grievance on November 9, 2023, complaining that his property was stolen out of his locker while he was away at sick call on October 25, 2023. Plaintiff asserts his Jpay headphones, battery, and tablet were switched out for disabled ones. A review of his grievance on November 16, 2023, determined that Williams did not comply with the Lost/Stolen Property Procedure because he did not file a lost/stolen property claim before

submitting his grievance. The review also revealed that Williams did not file his grievance

within the allotted timeframe. Accordingly, his grievance was denied on December 5, 2023.

The records for that grievance, Grievance No. 360294, are attached hereto as **Exhibit A-4**.

13. Williams received a copy of that denial on December 7. 2023 and he submitted an appeal on

the same day. GDC upheld the facility's denial of Grievance No. 360294, citing his failure to

file the grievance within the timeframe outlined in the grievance policy. The GDC denial was

issued February 20, 2024, and Williams acknowledged receipt on February 23, 2024.

14. There is no record of Williams filing a Lost/Stolen Property Claim form before or after filing

Grievance No. 360294.

15. Williams did not seek leave to file an out-of-time grievance to address Grievance No.

360294's untimely filing.

16. Plaintiff filed a total of twelve grievances since he has been incarcerated at CCF, but none of

those grievances address his allegations that his 10-unit was taken away and his physical

therapy was discontinued.


I declare under penalty of perjury and subject to the provisions of 28 U.S.C. § 1746 that the

foregoing is true and correct.

Executed this 12 day of September, 2025.

_____
Eva Harrell


97438552.v1

4

# EXHIBIT A-1

| GEORGIA DEPARTMENT OF CORRECTIONS<br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 1 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

**I.   Introduction and Summary:**

It is the policy of the Georgia Department of Corrections (GDC) to maintain a grievance procedure available to all Offenders, which provides an open and meaningful forum for their complaints, the resolution of these complaints including an appeals process, and is subject to clear guidelines. This policy serves to protect Offenders from personal abuse, corporal punishment, personal injury, disease, property damage, and harassment and provides for the resolution of Offender grievances relating to health care concerns.

**II.   Authority:**

A.  GDC Board Rules: 125-2-4-.23;

B.  GDC Standard Operating Procedures (SOP's): 103.63 Americans with Disabilities Act (ADA) Title II Provisions, 204.10 Offender Use of the Goal Device, 208.06 Prison Rape Elimination Act - (PREA) Sexually Abusive Behavior Prevention and Intervention Program, 209.01 Offender Discipline, 209.05 Administrative Segregation, and 507.04.03 Inmate/Probationer Health Concerns or Complaints; and

C.  ACA Standards: 2-CO-3C-01, 4-4281 (Ref. 3-4268) (MANDATORY), 4-4284, and 4-4394.

**III.   Definitions:**

A.  **Active Grievance** - A grievance that is currently being worked at the local facility level and has not been resolved or appealed to the Commissioner's level.

B.  **American with Disabilities Act (ADA)** - As defined in SOP 103.63 Americans with Disabilities Act (ADA), Title II Provisions.

C.  **Alternate Grievance Coordinator** - The individual assigned by the Warden or Superintendent to back-up and/or assist the Grievance Coordinator to manage the grievance process at the local facility as the secondary point-of-contact.

D.  **Business Day** - Monday through Friday excluding state holidays.

| GEORGIA DEPARTMENT OF CORRECTIONS<br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 2 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

E. **Calendar Day** - Calendar Day is considered a 24-hour time period from midnight to midnight Monday through Sunday.

F. **Emergency Grievance** - An unforeseen combination of circumstances, urgent need, or the resulting state that calls for immediate action or relief through the grievance process. (E.g. a situation involving a significant threat to the health, safety or welfare of an Offender that requires prompt action)

G. **Georgia Offender Alternative Learning (GOAL) Device** - As defined in SOP 204.10 Offender Use of the Goal Device. Also known as the JPay Tablet.

H. **Good Cause** - A legitimate reason involving unusual circumstances that prevented the Offender from timely filing a grievance, appeal, or Attachment 10, Active Grievances Process Form. Examples include:  serious illness, being housed away from a facility covered by this procedure (such as being out on a court production order or for medical treatment).

I. **Grievance Coordinator** - The individual assigned by the warden or superintendent to manage the grievance process at the local facility and serve as the primary point-of-contact.

J. **JPay** - As defined in SOP 204.10 Offender Use of the Goal Device.

K. **Kiosk** - As defined in SOP 204.10 Offender Use of the Goal Device.

L. **Offender** - A person who has been placed under the supervision of Georgia Department of Corrections.

M. **Physical Force Non-Compliance** - Allegation of staff use of force that is **NOT** in alignment with the letter of, the intent of, and the purpose of GDC written policy and procedures.

N **Physical Force Compliance** - Allegation of staff use of force that is in alignment with the letter of, the intent of, and the purpose of GDC written policy and procedures.

| GEORGIA DEPARTMENT OF CORRECTIONS<br>Standard Operating Procedures | | |
|---|---|---|
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 3 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

O. **Sexual Abuse** - As defined in SOP 208.06, Prison Rape Elimination Act – (PREA) Sexually Abusive Behavior Prevention and Intervention Program.

P. **Sexual Harassment** - As defined in SOP 208.06 Prison Rape Elimination Act - (PREA) Sexually Abusive Behavior Prevention and Intervention Program.

IV. **Statement of Policy and Applicable Procedures:**

A. General Information:

1. Notice to Offenders. Upon entering the Department of Corrections, each Offender must receive an oral explanation of the grievance procedure. The Offender must also receive a copy of the Orientation Handbook for Offenders, which includes instructions about the procedure. The Offender's receipt of an oral explanation of the grievance procedure and Orientation Handbook will be noted in the Offender's institutional file. Additionally, Offenders may access a copy of this policy in its entirety at the facility library.

2. No Offender may be denied access to this procedure.

   a. Grievances must be initiated on the J-Pay Kiosk (Kiosk) at those facilities with the Kiosk or the JPay Tablet (Tablet). All grievances shall be entered into the Kiosk. If the Offender does not have access to the Kiosk, the designated staff will initiate the grievance process in the JPay System link on Captiva.

   b. Grievance forms must be available in the control rooms of all living units and must be provided upon request by an Offender that does not have access to the Kiosk or the Tablet. For Offenders in isolation and segregation areas, staff assigned to those areas must provide these forms upon request by an Offender.

   c. Offenders are not prohibited from assisting other Offenders from filling out any **forms** attached to this SOP. They may not assist Offenders at the Kiosk. One Offender may not file a grievance on behalf of another Offender.

| GEORGIA DEPARTMENT OF CORRECTIONS<br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 4 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

    d.  Institutional staff will assist Offenders who need special help filling out the grievance forms (*i.e.*, due to language barriers, illiteracy, or physical or mental disability) upon request;

3.  Retaliation against an Offender for filing a grievance is strictly prohibited. The prohibited retaliation includes, but is not limited to, disciplinary action against the Offender for filing a grievance.

4.  Informal Dispute Resolution: The Department encourages Offenders to try to resolve complaints on an informal basis before filing a grievance. However, an Offender is not required to attempt an informal resolution before filing a grievance.

5.  The grievance procedure is not intended to circumvent routine administrative processes (*i.e.*, clothing requests, sick call, etc.).

B.  Grievances:

1.  Grievable Issues: Except as provided below, an Offender may file a grievance about any condition, policy, procedure, or action or lack thereof that personally affects the Offender.

2.  Non-grievable Issues: An Offender may not file a grievance about any of the following issues:

    a.  Matters that do not personally affect the Offender;

    b.  Matters over which the Department has no control, including parole decisions, sentences, probation revocations, court decisions, and any matters established by the laws of the state;

    c.  Disciplinary actions, including any warnings, sanctions, fees, or assessments: The disciplinary appeal procedure is located in SOP 209.01, Offender Discipline;

| GEORGIA DEPARTMENT OF CORRECTIONS<br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 5 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

    d.   Involuntary assignments to Administrative Segregation: The procedure to appeal such assignment is located in SOP 209.06, Administrative Segregation;

    e.   Co-pay charges assessed for health care: The procedure to appeal such charges is located in SOP 507.04.03, Inmate/Probationer Health Concerns or Complaints;

    f.   Transfers of Offenders between Facilities;

    g.   Housing assignments, program assignments, security classifications or work assignments, unless there is an alleged threat to the Offender's health or safety. The procedure to appeal such assignments is located in SOP 220.03, Classification Committee;

    h.   Requests for special religious accommodation outside the accommodations allowed for by policy: The procedure to file a special religious request is located in SOP 106.11, Religious Accommodations. However, Offenders may file grievances regarding the Department or a staff member's alleged failure to adhere to current policy regarding religious accommodations;

    i.   Sexual Abuse and Sexual Harassment shall be forwarded to the Institutional Sexual Assault Response Team (SART) and processed according to SOP 208.06, Prison Rape Elimination Act: Sexually Abusive Behavior Prevention and Intervention Program;

    j.   GOAL Devices (Tablets) including issuance, usage, access, loss or termination of privileges, repair or replacement of the Tablets, etc. An issue with this device should be addressed at the facility with the J-Pay Point of Contact designated by the Warden.  Use of the Tablet is a privilege, not a right.

3.   An Offender may file a grievance alleging retaliation or harassment, regardless of the form of the alleged retaliation or harassment.

| GEORGIA DEPARTMENT OF CORRECTIONS<br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 6 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

4. An Offender is limited to two (2) Active Grievances:

    a. Active Grievances with Offender Access to the Kiosk/Tablet:

        i. If an Offender's new grievance would exceed the two (2) Active Grievances limit, the Grievance Coordinator will advise the Offender, via a JPay System message, that he may voluntarily drop one (1) of the two (2) Active Grievances.

        ii. The Offender must return a message, via the Kiosk/Tablet, to the Grievance Coordinator, within five (5) days, stating that he or she wishes to drop one of the active grievances and provide the Reference Number of the grievance.

        iii. If the Offender fails to respond via the Kiosk/Tablet, to the Grievance Coordinator, within five (5) Calendar Days, then the third (3rd) grievance will be closed.

        iv. If the Offender responds after five (5) Calendar Days, it may be accepted with Good Cause.

    b. Active Grievances without Offender access to the Kiosk/Tablet: Attachment 10, must be used, by staff and the Offender, if the Kiosk/Tablet is not used to process the grievance.

        i. If an Offender's new grievance exceeds the two (2) Active Grievances limit, the Grievance Coordinator will advise the Offender, utilizing Attachment 10, Active Grievances Process Form, that he may voluntarily drop one of the (1) of the two (2) Active Grievance. The Grievance Coordinator will enter the grievance in the JPay System and note that Attachment 10, Active Grievances Process Form was forwarded to the Offender.

        ii. The Offender must return Attachment 10, Active Grievances Process Form and the new grievance to his Counselor within five (5) Calendar Days of receipt of Attachment 10, to drop one (1) of the two (2)

| GEORGIA DEPARTMENT OF CORRECTIONS<br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 7 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

Active Grievances. The Counselor will then forward Attachment 10, Active Grievances Process Form and the new grievance back to the Grievance Coordinator. The Grievance Coordinator will enter this information in the JPay system and drop the appropriate grievance.

iii. If the Offender fails to return Attachment 10, Active Grievances Process Form, to the Grievance Coordinator, within five (5) Calendar Days, then the third (3rd) grievance will be closed.

iv. If the Offender returned Attachment 10, Active Grievances Process Form after five (5) Calendar Days, it may be accepted with Good Cause.

c. The Department will not further review a dropped grievance and the Offender's ability to file a grievance or otherwise seek administrative review for the subject matter of a dropped grievance will be forfeited.

5. The following do not count toward the two (2) Active Grievance limit and will be processed:

a. A grievance submitted by the Offender as an Emergency Grievance, and determined by the Duty Officer to be an Emergency Grievance;

b. A grievance that involves allegations of physical abuse with significant injury to the Offender;

c. A grievance that the Grievance Coordinator determines involves an important issue of prison security or administration, such as a serious threat to life, health, or safety; and

d. A grievance that involves allegations of ADA violations: Offenders with communication disabilities will be provided effective communication for the grievance process pursuant to SOP 103.63 IV.E.

6. Grievances will be rejected that include threats, profanity, insults, or racial slurs that are not a part of the Offender's complaint.

| GEORGIA DEPARTMENT OF CORRECTIONS<br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 8 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender<br>Access |

7. Range of Remedies: Remedies include all reasonable and effective resolutions, which may range from corrective action by the Warden/Superintendent up to statewide policy changes by the Commissioner. Monetary awards are not allowed, except for missing or damaged property claims.

C. The Grievance procedure has two (2) Steps. Step 1: Original Grievance and Step 2: Central Office Appeal:

1. Step 1: Original Grievance:

   a. The Offender's complaint and requested relief must be stated legibly and in writing in the space provided using the Kiosk/Tablet or the Grievance Form. Only one (1) additional page may be attached to the paper Grievance Form and the Offender may write on only one (1) side of the page.

   b. The complaint must be a single issue/incident and must be submitted no later than ten (10) Calendar Days from the date the Offender knew, or should have known, of the facts giving rise to the grievance. Grievances filed later than ten (10) days may only be considered upon Good Cause.

   c. Submitting the grievance on the Kiosk/Tablet will initiate the grievance process giving a date and time stamp that will serve as the Offender's receipt. This step also provides a Reference Number which will serve as the Grievance number.

   d. If the Offender submits a paper Grievance, the Offender must sign and hand-deliver the Grievance Form to any Counselor. Immediately upon receipt of the grievance, the Counselor must give the Offender the receipt from the bottom of the Grievance Form and give the Grievance to the Grievance Coordinator. Grievances submitted through the mail (in-house or U.S. Postal Services) will not be processed except for Good Cause.

| GEORGIA DEPARTMENT OF CORRECTIONS<br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 9 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

    e. Screening:

        i. The Grievance Coordinator will screen the grievance. During screening, the Grievance Coordinator may:

            1) Accept the grievance for processing;

            2) Recommend that the Warden/Superintendent reject the grievance pursuant to one (1) of the categories listed in subsection IV.C.1.e.ii, below; or

            3) If there are two (2) Active Grievances, advise the Offender per the process outlined in IV.B.4.

        ii. The Warden/Superintendent or designee should reject the grievance, via the JPay System or on paper if it:

            1) Raises a non-grievable issue as defined in Paragraph IV.B.2.;

            2) Is not filed timely; however, the Grievance Coordinator may waive the time limit for Good Cause;

            3) Includes threats, profanity, insults, or racial slurs that are not a part of the Offender's complaint;

            4) Raises more than one (1) issue/incident; or

            5) Contains any extra pages other than those allotted and has any writing on the backside of a page.

        iii. Grievances rejected by the Warden/Superintendent shall be returned to the Grievance Coordinator, who will send the Warden's/Superintendent's decision, Attachment 11, Warden'/Superintendent's Rejected Grievance Response to the Offender via a message on the JPay System or by the Counselor. The Warden's response delivered to the Offender via the Kiosk/Tablet will

| GEORGIA DEPARTMENT OF CORRECTIONS<br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 10 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

be time and date stamped upon receipt. When the Warden's response is delivered by the Counselor, a copy of Attachment 11, Warden's/Superintendent's Rejected Grievance Response, must be given to the Offender and the Offender must sign and acknowledge receipt.

iv. Wardens/Superintendents must still act on the information contained in a rejected grievance that concerns the health or safety of any person in accordance with good prison management.

v. The Offender may appeal the Warden's/Superintendent's decision to reject the grievance to Central Office.

vi. All grievances shall be entered into the JPay System by the Grievance Coordinator/designee.

f.  Processing:

i. The Grievance Coordinator shall appoint an appropriate staff member to thoroughly investigate the Offender's complaint. The investigation may include interviewing the Offender, interviewing witnesses, taking statements, and obtaining documents.

ii. Upon completing the investigation, the staff member must write a complete report, attaching all relevant documentation, and submit it to the Grievance Coordinator. (Refer to Attachment 2, Staff Local Investigative Form) The report must contain:

1) A summary of the facts surrounding Offender's complaint;

2) The staff member's conclusions; and

3) A recommendation for resolution.

| GEORGIA DEPARTMENT OF CORRECTIONS<br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 11 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender<br>Access |

iii. The Grievance Coordinator will then review the staff report and submit a recommendation, via the JPay System, to the Warden/Superintendent, to grant or deny the grievance.

iv. The Warden/Superintendent or Designee will then review the grievance, the staff report, and the Grievance Coordinator's recommendation and issue a decision to grant or deny the grievance. The decision must be in writing and must state the reasons for the decision.

v. The Warden/Superintendent has forty (40) Calendar Days from the date the Offender submitted the Grievance Form to deliver the decision to the Offender. A one-time, ten (10) Calendar Days-extension may be granted; however, the Offender must be advised, in writing or via the Kiosk/Tablet, of the extension prior to the expiration of the original forty (40) Calendar Days.

vi. The Warden/Superintendent or Designee will send the grievance decision, via the JPay System, to the Grievance Coordinator, who will notify the Offender via the Kiosk/Tablet or send the decision to the Offender's Counselor, utilizing Attachment 4, Warden's/Superintendent's Response Form, if the Offender does not have access to the Kiosk/Tablet. The Counselor must then give the decision to the Offender and have the Offender sign an acknowledgement of receipt.

vii. A copy of the grievance, the staff report (including any attachments to the staff report), the recommendation, and the Warden's/Superintendent's decision will be maintained in the JPay database.

viii. The Offender may appeal the Warden's/Superintendent's decision to Central Office via the Kiosk/Tablet or by utilizing Attachment 5, Grievance Appeal to Central Office Form.

| GEORGIA DEPARTMENT OF CORRECTIONS<br>**Standard Operating Procedures** | | |
| --- | --- | --- |
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 12 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

g.  Referral to the Office of Professional Standards, Criminal Investigation Division by Region:

   i.  Rejected Grievances: Grievances with Physical Force allegations that are deemed to be Non-Compliance, but satisfy the criteria for rejection pursuant to Paragraph (IV) (C) (1) (e) (ii) shall be rejected. Although the grievance has been rejected pursuant to policy guidelines, an investigation is warranted due to the nature of the allegation. The facility shall forward a copy of the grievance packet containing all relevant information to the Criminal Investigation Division by Region for review and any action deemed appropriate.

   Although the grievance has been rejected, the investigative process will continue. Attachment 12, Rejected: Notification of Referral to the Office of Professional Standards will be given to the Offender, Via the Kiosk/Tablet or send the decision to the Offender's Counselor, if the Offender does not have access to the Kiosk/Tablet. The Counselor must then give the decision to the Offender and have the Offender sign an acknowledgement of receipt. Upon the completion of the investigation conducted by the Criminal Investigation Division, the Offender will be notified.

   ii.  Accepted Grievances: If a grievance alleges Physical Force and is deemed to be Non-Compliance and is accepted, the facility shall forward a copy of the grievance packet containing all relevant information to the Criminal Investigation Division by Region for review and any action deemed appropriate.

   Attachment 6, Accepted: Notification of Referral to the Office of Professional Standards will be given to the Offender, via the Kiosk/Tablet or sent to the Offender's Counselor, if the Offender does not have access to the Kiosk/Tablet. The Offender must sign an acknowledgement of receipt when the Counselor gives the decision to the Offender. This action effectively closes the grievance.  This decision is not appealable.  Although the grievance is closed, the investigative process will continue.  The Offender shall receive a

| GEORGIA DEPARTMENT OF CORRECTIONS<br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 13 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender<br>Access |

response upon the completion of the investigation conducted by the Criminal Investigation Division.

h. Referral to the Facility ADA Coordinator: Grievances from Offenders with disabilities who are grieving requests for accommodation or ADA related complaints shall be forwarded to the Facility ADA Coordinator and processed pursuant to and within the timelines established in SOP 103.63, Americans with Disabilities Act ADA), Title II Provisions;

   i. Rejected Grievances: Grievances with Americans with Disabilities Act allegations that satisfy the criteria for rejection pursuant to Paragraph (IV) (C) (1) (e) (ii) shall be rejected. Although the grievance has been rejected pursuant to policy guidelines, an investigation is warranted due to the nature of the allegation. The facility shall forward a copy of the grievance packet containing all relevant information to the Facility ADA Coordinator for processing in accordance with SOP 103.63 Americans with Disabilities Act (ADA), Title II Provisions.

   Although the grievance has been rejected, the investigative process will continue in accordance with SOP 103.63 Americans with Disabilities Act (ADA), Title II Provisions. Attachment 13, Rejected: Notification of Referral to the Facility ADA Coordinator will be given to the Offender, Via the Kiosk/Tablet or send the decision to the Offender's Counselor, if the Offender does not have access to the Kiosk/Tablet. The Counselor must then give the decision to the Offender and have the Offender sign an acknowledgement of receipt. Upon the completion of the investigation conducted by the Facility ADA Coordinator, the Offender will be notified.

   ii. Accepted Grievances: If a grievance alleges Americans with Disabilities Act allegations and is accepted, the facility shall forward a copy of the grievance packet containing all relevant information to the Facility ADA Coordinator for processing in accordance with SOP 103.63 Americans with Disabilities Act (ADA), Title II Provisions.

| GEORGIA DEPARTMENT OF CORRECTIONS<br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 14 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

Attachment 14, Accepted: Notification of Referral to the Facility ADA Coordinator will be given to the Offender, via the Kiosk/Tablet or sent to the Offender's Counselor, if the Offender does not have access to the Kiosk/Tablet. The Offender must sign an acknowledgement of receipt when the Counselor gives the decision to the Offender. This action effectively closes the grievance. This decision is not appealable. Although the grievance is closed, the investigative process will continue in accordance with SOP 103.63 Americans with Disabilities Act (ADA), Title II Provisions. The Offender shall receive a response upon the completion of the investigation conducted by the Facility ADA Coordinator.

2. Step 2: Central Office Appeal:

   a. The Offender may file a Central Office Appeal only after:

      i. The Offender receives the Warden's/Superintendent's response to the grievance via the Kiosk/Tablet or the Grievance Coordinator; or

      ii. The time allowed for the Warden's/Superintendent's decision to be given to the Offender has expired.

      **Note: Offenders may not appeal accepted grievances forwarded to Criminal Investigations or those forwarded to the Facility ADA Coordinator.**

   b. The Offender has seven (7) Calendar Days from the Warden's response date to file a Central Office Appeal. The Grievance Coordinator or Commissioner's Designee may waive this time limit for Good Cause.

   c. The Offender must send an appeal via the Kiosk/Tablet or fill out and sign Attachment 5, Central Office Appeal Form and give it to his/her Counselor. The Counselor must sign and date the Central Office Appeal Form and must give the Offender the receipt, which is the bottom portion of Attachment 5, Central Office Appeal Form.

| GEORGIA DEPARTMENT OF CORRECTIONS<br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 15 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

d. The Grievance Coordinator must ensure the Grievance, the Warden's/Superintendent's decision, Attachment 5, Central Office Appeal Form, and any supporting documentation is electronically entered into the JPay System for the Commissioner's Designee to review.

e. The Commissioner or his/her designee has 120 Calendar Days after submission of the Central Office Appeal Form to deliver a decision to the Offender.

f. The Commissioner's designee will send the Central Office Appeal decision to the facility Grievance Coordinator, via the JPay System. The Grievance Coordinator will notify the Offender, Via the Kiosk/Tablet or send the decision to the Offender's Counselor, if the Offender does not have access to the Kiosk/Tablet. The Counselor must then give the decision to the Offender and have the Offender sign an acknowledgement of receipt.

g. If the Commissioner or the Commissioner's designee determines that a grievance should have been accepted by the facility and processed, the grievance will be returned to the facility for investigation, via the JPay System. The Warden/Superintendent will have fifteen (15) calendar days from receipt of the returned grievance to process and deliver the decision to the Offender, via the JPay System. If the Offender does not have access to a Kiosk/Tablet, a paper copy will be provided utilizing Attachment 4, Warden's/Superintendent's Grievance Response. Once the Offender receives the Warden's 2nd response, the Offender will have seven (7) calendar days from the Warden's response date to file the 2nd Central Office Appeal.

D. Emergency Grievance Procedure:

1. Emergency Grievances must be immediately referred to the Duty Officer. The Duty Officer shall be responsible for monitoring the JPay System during each duty rotation and is responsible for the following:

| GEORGIA DEPARTMENT OF CORRECTIONS<br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 16 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

    2. The Duty Officer must determine if the Grievance fits the definition of an Emergency Grievance. If it does, the Duty Officer must immediately take whatever action necessary to protect the health, safety, or welfare of the Offender, and provide an initial response within 48-hours. This information shall be documented, and the Offender must be given a written response, via the Kiosk/Tablet, to his Emergency Grievance within five (5) Calendar Days.

    3. If the Duty Officer determines that the grievance does not fit the definition of an Emergency Grievance, the Emergency Grievance will be closed. The reason why the grievance is not considered an emergency, must be documented and the Offender must be notified of this, via the JPay Kiosk/Tablet, within five (5) Calendar Days. The Offender can then file a new grievance, within ten (10) Calendar Days of the notification, if the new grievance meets the requirements of this SOP.

E. Administration and Record-keeping for the Grievance Procedure:

    1. The Commissioner may delegate his/her authority over grievance matters to a designee.

    2. Confidentiality of Grievances:

        a. All paper copies of grievances and related documents retained at the institution must be kept in a local working file within the office of the Grievance Coordinator in a locked cabinet. Paper copies of grievance documents retained by Central Office staff must be kept in a separate file. Electronic grievance documents must have similar restricted access. If there is a scanning process available to the Grievance Coordinator at the local level or the Commissioner's Designee at the Central Office level, then once the decision is made, the local working file may be scanned into a PDF file. This file will be assigned a unique file name following the statewide guidelines and stored in a secured, limited access folder on the network. Grievances processed via the JPay System will be maintained on that JPay Server.

| GEORGIA DEPARTMENT OF CORRECTIONS<br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 17 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

    b.  A Grievance must not be placed in the Offender's file or referred to in SCRIBE case notes.

    c.  Grievances may be made available to staff members involved only to the extent necessary for processing the Grievance or for an audit.

3.  Grievance Coordinator: The Warden/Superintendent must appoint a Grievance Coordinator and an Alternate Grievance Coordinator.

4.  Grievance Coordinator Duties:

    a.  Ensure compliance with the Grievance SOP;

    b.  Maintain the JPay System records on grievances;

    c.  Retain all paper records and documentation relevant to grievances as provided by this policy;

    d.  Coordinate the timely investigation of grievances.

5.  When a grievance is filed in reference to a different facility, the Grievance Coordinator at the Offender's current facility will notify the Grievance Coordinator at the originating facility via the JPay system for screening and processing. Once the Warden's Response is entered by the originating facility, the Offender will be notified via the Kiosk/Tablet. If the Offender does not have access to the Kiosk/Tablet, the Offender will be notified in writing.

6.  Employee Training:  All facility employees will be required to attend grievance training. The training officer will document this annually.

7.  Deadlines and time calculation: If the final day of a deadline falls on a day that is not a Business Day, then the deadline expires on the next Business Day.

| GEORGIA DEPARTMENT OF CORRECTIONS<br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 18 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

8.  Released or Transferred Offenders: Facilities shall continue to screen and process grievances of Offenders who were subsequently released or transferred from the facility after the grievance was filed.

9.  If the Offender filed a Central Office appeal of the Warden's/Superintendent's decision prior to being released, the appeal will not be processed.

10. If an Offender does not have access to a Kiosk/Tablet, the grievance process will be maintained by staff in the JPay System. Written responses will be provided to the Offender in every step and manually entered into the JPay System.

F.  Evaluation of the Grievance Procedure:

1.  The Office of Professional Standards, Audits and Compliance Unit must audit and evaluate the grievance process at least once every twelve (12) months.

2.  The Office of Information and Technology will generate semi-annual reports regarding the number and type of grievances filed and will present those reports to the Commissioner, the Director of Field Operations, and the General Counsel of the Department.

V.  **Attachments:**

Attachment 1: Offender Grievance Form;
Attachment 2: Staff Local Investigative Form;
Attachment 3: Witness Statement Form;
Attachment 4: Warden's/Superintendent's Response Form;
Attachment 5: Grievance Appeal to Central Office Form;
Attachment 6: Accepted: Notification of Referral to Office of Professional Standards;
Attachment 7: Grievance Rejection Code Form;
Attachment 8: Grievance Resolution/Drop Form;
Attachment 9: Central Office Appeal Response Form;

| GEORGIA DEPARTMENT OF CORRECTIONS<br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Statewide Grievance Procedure | | |
| **Policy Number:** 227.02 | **Effective Date:** 5/10/2019 | **Page Number:** 19 of 19 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

Attachment 10: Active Grievances Process Form;
Attachment 11: Warden's/Superintendent's Rejected Grievance Response;
Attachment 12: Rejected: Notification of Referral to the Office of Professional Standards;
Attachment 13: Rejected: Notification of Referral to the Facility ADA Coordinator; and
Attachment 14: Accepted: Notification of Referral to the Facility ADA Coordinator.

**VI.** **Record Retention of Forms Relevant to this Policy:**

All Grievance related paper documents shall be retained in the Grievance Coordinator's file for four (4) years after the final disposition of the grievance and then destroyed. All grievance related documents within the JPay System will be permanently maintained.

# EXHIBIT A-2

# INMATE HANDBOOK

# 2022

CORECIVIC
COFFEE CORRECTIONAL FACILITY
P.O. Box 650
1153 N. Liberty Street
NICHOLLS, GA 31554
912 -345-5058

Revised: June 2022

(English Version)

## <u>Administrative Staff</u>

| | |
|---|---|
| **WARDEN** | WILLIAM DANFORTH |
| **ASSISTANT WARDEN OF OPERATION** | AUDREY WILLIAMS |
| **ASSISTANT WARDEN OF CARE & TREATMENT** | RICKY STONE |
| **CHIEF OF SECURITY** | TRACY JEFFERSON |
| **CHIEF OF UNIT MANAGEMENT** | KORTNEY GAY |

**THE COFFEE CORRECTIONAL FACILITY HANDBOOK HAS BEEN REVIEWED AND APPPROVED BY:**

_____     _____

**WILLIAM DANFORTH, WARDEN**          **DATE**

**REVISED June 2022**

# TABLE OF CONTENTS

**PAGE**

| | |
|---|---|
| WELCOME & IMPORTANT NOTICES | 4 |
| RECEPTION AND ORIENTATION | 4 |
| BASIC RULES | 5 |
| GENERAL RULES | 6 |
| PROHIBITED ACTS/INMATE DISCIPLINARY SANCTIONS LIST | 6 |
| COUNT PROCEDURES | 7 |
| LIVING QUARTERS | 7 |
| FIRE/SAFETY & SANITATION | 8 |
| PERSONAL HYGIENE | 9 |
| PROPERTY | 9 |
| LAUNDRY | 9 |
| COMMISSARY | 10 |
| MAIL & PACKAGES | 10 |
| PACKAGES & PUBLICATIONS | 12 |
| GOAL DEVICES (TABLETS) | 13 |
| VISITATION/TELEPHONES | 14 |
| MEDICAL SERVICES | 16 |
| DENTAL SERVICES | 18 |
| MENTAL HEALTH SERVICES | 18 |
| SUICIDE PREVENTION | 19 |
| PREA: SEXUAL ABUSE/MISCONDUCT/HARASSMENT | 19 |
| COUNSELING | 19 |
| CHAPLAIN SERVICES | 20 |
| CLASSIFICATION | 20 |
| EDUCATION | 21 |
| GENERAL LIBRARY/LAW LIBRARY | 22 |
| NOTARY SERVICES | 23 |
| RECREATION | 23 |
| MEDIA ACCESS | 24 |
| INMATE GRIEVANCE PROCEDURES | 24 |
| ADDENDUM 1: AMERICANS WITH DISABILITIES ACT | 29 |
| ADA COMPLIANCE NOTICE (ENGLISH) | 30 |
| ADA COMPLIANCE NOTICE (SPANISH) | 31 |
| ADDENDUM 2: PROHIBITED ACTS/DISCIPLINARY CODES | 32 |
| ADDENDUM 3: BUNK DIAGRAM | 40 |
| ADDENDUM 4: LOCKER DIAGRAM | 41 |

will include, but are not limited to, softball leagues, basketball leagues, volleyball leagues, chess/checkers tournaments, etc. Building Recreation Yards will be also utilized for recreational activities.

CCF RECREATIONAL RULES
- Inside the Gym
  - ➢ NO SITTING ON RESTROOM WALL OR ON GAME TABLES
  - ➢ NO SPITTING ON THE FLOOR
  - ➢ DO NOT ENTER INTO EQUIPEMENT ROOMS WITHOUT PERMISSION
  - ➢ NO BEATING ON WINDOWS OR DOORS
  - ➢ NO MIS-USE OF RECREATIONAL EQUIPMENT
  - ➢ NO HANGING ON BASKETBALL GOALS
  - ➢ MUST GIVE I.D. TO CHECK OUT EQUIPMENT

- Big & Small Yards
  - ➢ DO NOT CLIMB OR LEAN ON THE FENCE
  - ➢ DO NOT HANG CLOTHING ON THE FENCE
  - ➢ DO NOT RUN OR WALK BETWEEN THE CAMERA AND FENCE.
  - ➢ STAY 10 FT. AWAY FROM THE FENCE.
  - ➢ NO LARGE GROUPS (NO MORE THAN 6 INMATES) GATHERING OR ASSEMBLING UNLESS DURING SPORTING EVENTS

- General Rules
  - ➢ NO ALTERED CLOTHING
  - ➢ NO BEDROOM OR SHOWER SHOES
  - ➢ NO NET BAGS
  - ➢ ALL CLOTHING MUST BE WORN TO REC. YARD (CLASS A UNIFORM)YOU CAN WEAR GYM SHORTS UNDER UNIFORM
  - ➢ YOU CAN ONLY COME TO REC. WITH YOUR ASSIGNED BUILDING SCHEDULE (*UNLESS CALLED FOR BY REC SUPERVISOR OR ABOVE*)
  - ➢ NO ENTERING BACK INTO FACILITY UNLESS MEDICAL EMERGENCY
  - ➢ T-SHIRTS MUST BE WORN AT ALL TIMES
  - ➢ DO NOT BRING WATER, COFFEE CUPS, OR ANY KIND OR CONTAINERS TO THE REC. YARD
  - ➢ NO FIGHTING OR ARGUING
  - ➢ MUST BE 90 DAYS D.R. FREE TO PARTICIPATE IN ANY REC. EVENT
  - ➢ MUST ABIDE BY ALL INTRAMURAL SPORTS RULES
  - ➢ MUST HAVE PICTURE ID TO ENTER THE RECREATION YARD
  - ➢ TENNIS SHOES CAN BE WORN FROM UNIT TO REC YARD AND BACK TO UNIT ONLY FOR 2ND ROTATION OR RECREATION ENTERING BACK IN THE FACILITY WILL BE ALLOWED TO WEAR TENNIS SHOES TO CHOW
  - ➢ DISCIPLINARY ACTION WILL BE TAKEN FOR ANY VIOLATION

## MEDIA ACCESS

Inmates/residents have the right to communicate with the media through telephone calls or written correspondence.
Face-to-face interviews between inmates/residents and media may be allowed consistent with safety and security objectives and with the approval of the Warden. Inmates/residents choosing to participate will be required to complete Form 14-3B, Consent to Media Access, prior to their involvement with the interview, photography session, etc.

## GRIEVANCE PROCEDURES

GDC-SOP 227.02 Inmate Grievance Policy (revised policy effective date 05/10/2019.

A copy of GDC 227.02 on inmate Grievance Procedures is available in the inmate law library for review in its entirety.
Informal Dispute Resolution. The Georgia Department of Corrections encourages offenders to try to resolve complaints on an informal basis before filing a grievance. However, an offender is not required to attempt an informal resolution before filing a grievance. Coffee Correctional Facility does request whenever possible, inmate complaints should be resolved on an informal basis by communicating with your Unit Staff without the filing of a formal grievance. You are encouraged to discuss any complaint with the Case Manager, Correctional Counselor and/or Unit Manager to resolve the conflict before filing a Grievance. The grievance procedure is not intended to circumvent routine administrative processes (*i.e.*, clothing requests, sick call, etc.) you need to utilize all processes available to you to attempt to resolve your complaint prior to filing a grievance. At the same time, no inmate shall be denied access to the procedure.

An offender may not file a grievance about any of the following issues:

1. Matters that do not affect the offender personally.
2. Matters over which the Department has no control, including parole decisions, sentences, probation revocations, court decisions, and any matters established by the laws of the state.
3. Disciplinary actions, including any punishment, fees, or assessments. The disciplinary appeal procedure is located in GDC SOP 209.01 (Inmate Discipline).
4. Involuntary assignments to administrative segregation. The procedure to appeal such assignment is located in GDC 209.06 (Administrative Segregation).
5. Co-pay charges assessed for health care. The procedure to appeal such charges is located in GDC SOP 507.04.03, Offender / (Probationer Health Concerns or Complaints).
6. Transfers of offenders between institutions.
7. Changes to housing assignments, program assignments, Security Classifications, or work assignments, unless there is an alleged threat to the offender's health or safety. The procedure to appeal such assignments is located in SOP 220.03, Classification Committee.
8. Special Religious Request that request special religious accommodation outside the accommodations allowed for by policy. The procedure to file a Special Religious Request is located in SOP 106.11, Religious Accommodations. However, Offenders may file grievances regarding the Department or a staff member's alleged failure to adhere to current policy regarding religious accommodations.
9. Allegations of Sexual Abuse and/or Sexual Harassment shall be forwarded to the Institutional Sexual Abuse Response Team (SART) and processed in accordance with SOP 208.06, Prison Rape Elimination Act – PREA Sexually Abusive Behavior Prevention and Intervention Program.

Additionally, grievances may not be filed with:

1. More than one issue per grievance.
2. Out of time frames as outlined in policy.
3. Threats, profanity, or racial slurs.
4. Grievance contained extra pages other than those allotted and had writing on the backside of a page.
5. GOAL Devices (tablets) including issuance, usage, access, loss or termination of privileges, repair or replacement of the tablets, etc. An issue with this device should be addressed at the facility with the J-Pay Point of Contact designated by the Warden.

There is a **Lost/Stolen Property Claim** procedure if you feel your property was lost/stolen. The form to make this claim is available through the Unit Manager or any unit staff and must be completed within seven days of the incident. Along with the completed form, you will need to present receipts for the missing items. The claim will be investigated in accordance with policy. **This procedure should be exhausted prior to filing a grievance.**
The Grievance procedure has 2 Steps:
Step 1:  Original Grievance
Step 2:  Central Office Appeal

Step 1:  Original Grievance
The offender's complaint and requested relief must be stated legibly and in writing in the space provided using the Kiosk/Tablet or the Grievance Form.
The offender must sign the Grievance Form and give it to any Counselor. The offender may accomplish this by hand delivery. The recipient must give the offender the receipt, which is the bottom portion of Attachment #1.

(Per directive dated August 05, 2013 when a Counselor receives a formal grievance, they should review the grievance to ensure that is completed correctly and in its entirety. They should also try to informally resolve the grievance if possible. If the Counselor accepts the grievance they should forward it to the Grievance Coordinator for review. The Grievance Coordinator will review all grievances to determine if they should be rejected or processed. If the Grievance Coordinator determines that an inmate has two active grievances, the inmate will not be given a receipt for the newly submitted grievance(s). The Grievance Coordinator will attach a memo advising the inmate that he has two active grievances and he can drop one of the active grievances or the newly submitted grievance(s) will not be processed. The Counselor should return these items to the inmate and advise him of the Grievance Coordinators decision. If the inmate refuses to drop one of the active grievance(s), the newly submitted grievance(s) will not be accepted.

The following do not count toward (2) Active Grievance limit and will be processed.
- A Grievance submitted by the Offender as an Emergency Grievance, and determined by the Duty Officer to be an Emergency Grievance;
- A grievance that involves allegations of Physical abuse with significant injury to the Offender;
- A grievance that the Grievance Coordinator determines involves an important issue of prison security of administration, such as a serious threat to life, health, or safety; and

- A grievance that involves allegations of ADA violations: Offenders with communication disabilities will be provided effective communication for the grievance process pursuant to SOP 103.63 IV.E.

Screening
The Grievance Coordinator will screen it in order to determine whether to accept it or to recommend that the Warden reject it. The Grievance Coordinator may recommend that the Warden reject the grievance only if it falls into (1) one of the categories listed in subsection b, below: or If there are (2) Active grievances, advise the Offender that he may voluntarily drop one (1) of the two (2) Active Grievances utilizing Attachment 10, Active grievances Process Form.

The Warden should reject the grievance if it:
- Raises a non-grieveable issue as defined in Paragraph (IV) (B) (2);
- Is not filed timely. The Grievance Coordinator may waive the time limit for good cause.
- Includes threats, profanity, insults, or racial slurs that are not a part of the offender's complaint.
- Raises more than one (1) issue/incident; or
- Contains any extra pages other than those allotted and has any writing on the backside of a page.

Warden's/Superintendent's must still act on the information contained in a rejected Grievance that concerns the health or safety of any person in accordance with good prison management The offender may appeal the Warden's rejection decision to Central Office. All grievances shall be entered into the JPay System by the Grievance Coordinator/designee.

Processing
The Grievance Coordinator will appoint an appropriate staff member (Inmate's Case Manager) to investigate the offender's complaint. The staff member (Inmate's Case Manager) will thoroughly investigate the complaint in a manner that is appropriate in the situation. This may include interviewing the offender, interviewing witnesses, taking statements, and obtaining documents. Upon completing the investigation, the staff member (Inmate's Case Manager) must write a complete report, attaching all relevant documentation, and submit it to the Grievance Coordinator. (Refer to Attachment #2)

The report must contain:
A summary of the facts surrounding offender's complaint; the staff member's (Inmate's Case Manager) conclusions; and a recommendation for resolution. The Grievance Coordinator will then review the staff report and submit a recommendation, via the JPay System, to the Warden/Superintendent, to grant or deny the grievance.

The Warden or Designee will then review the Original Grievance, the staff report, and the recommendation and will then issue a decision. The decision must be in writing and must state the reasons for the decision. The Warden or Designee will send the Grievance decision to Grievance Coordinator, who will send it to the offender's Counselor. The Counselor must then give decision to the offender and have the offender sign an acknowledgement of receipt. The Grievance Coordinator will retain a copy of the Original Grievance and the staff report (including any attachments to the staff report).

The offender may appeal the Warden's decision to Central Office. The Warden has 40 calendar days from the date the offender gave the Grievance Form to the Counselor to deliver the decision to the offender. A onetime 10 Calendar day extension may be granted; however, the offender must be advised, in writing, or via the Kiosk/Tablet, of the extension prior to the expiration of the original 40 calendar days.

Referral to the Office of Professional Standards, Criminal Investigation Division by Region:

Rejected Grievances: Grievances with Physical Force allegations that are deemed to be Non-Compliance, but satisfy the criteria for rejection pursuant to Paragraph (IV)(C)(1)(e)(ii) shall be rejected. Although the grievance has been rejected pursuant to policy guidelines, an investigation is warranted due to the nature of the allegation. The facility shall forward a copy of the grievance packet containing all relevant information to the Criminal Investigation Division by Region for review and any action deemed appropriate.

Attachment 12, Rejected: Notification of Referral to the Office of Professional Standards will be given to the Offender, via the Kiosk/Tablet, or send the decision to the Offender & Counselor, if the Offender does not have access to the Kiosk/Tablet. The Offender shall be notified upon the completion of the investigation conducted by the Criminal Investigation Division.

Accepted Grievances: If a grievance alleges Physical Force Non-Compliance and is accepted, the facility shall forward a copy of the grievance packet containing all relevant information to the Criminal Investigation Division by Region for review and any action deemed appropriate.

Attachment 6, Accepted Notification of Referral to the Office of Professional Standards will be given to the Offender, via the Kiosk/Tablet or sent to the Offender & Counselor, if the Offender does not have access to the Kiosk/Tablet. The Offender must sign an acknowledgement of receipt when the Counselor gives the decision to the Offender. This action effectively closes the

grievance. This decision is not appealable. Although the grievance is closed, the investigative process will continue. The Offender shall receive a response upon the completion of the investigation conducted by the Criminal Investigation Division.

Referral to the Facility ADA Coordinator: Grievances from Offenders with disabilities who are grieving requests for accommodation or ADA related complaints shall be forwarded to the Facility ADA Coordinator and processed pursuant to and within the timelines established in SOP 103.63, Americans with Disabilities Act ADA), Title II Provisions;

Rejected Grievances: Grievances with Americans with Disabilities Act allegations that satisfy the criteria for rejection pursuant to Paragraph (IV)(C)(1)(e)(ii) shall be rejected. Although the grievance has been rejected pursuant to policy guidelines, an investigation is warranted due to the nature of the allegation. The facility shall forward a copy of the grievance packet containing all relevant information to the Facility ADA Coordinator for processing in accordance with SOP 103.63 Americans with Disabilities Act (ADA),

Title II Provisions.
Although the grievance has been rejected, the investigative process will continue in accordance with SOP 103.63 Americans with Disabilities Act (ADA), Title II Provisions. Attachment 13, Rejected: Notification of Referral to the Facility ADA Coordinator will be given to the Offender, Via the Kiosk/Tablet or send the decision to the Offender's Counselor, if the Offender does not have access to the Kiosk/Tablet. The Counselor must then give the decision to the Offender and have the Offender sign an acknowledgement of receipt. Upon the completion of the investigation conducted by the Facility ADA Coordinator, the Offender will be notified.

Accepted Grievances: If a grievance alleges Americans with Disabilities Act allegations and is accepted, the facility shall forward a copy of the grievance packet containing all relevant information to the Facility ADA Coordinator for processing in accordance with SOP 103.63 Americans with Disabilities Act (ADA), Title II Provisions

Attachment 14, Accepted: Notification of Referral to the Facility ADA Coordinator will be given to the Offender, via the Kiosk/Tablet or sent to the Offender's Counselor, if the Offender does not have access to the Kiosk/Tablet. The Offender must sign an acknowledgement of receipt when the Counselor gives the decision to the Offender. This action effectively closes the grievance. This decision is not appealable. Although the grievance is closed, the investigative process will continue in accordance with SOP 103.63 Americans with Disabilities Act (ADA), Title II Provisions. The Offender shall receive a response upon the completion of the investigation conducted by the Facility ADA Coordinator.

Step 2: Central Office Appeal:

The Offender may file a Central Office Appeal only after:
The Offender receives the Warden's/Superintendent's response to the grievance via the Kiosk/Tablet or the Grievance Coordinator; or
The time allowed for the Warden's/Superintendent's decision to be given to the Offender has expired.

**Note: Offenders may not appeal accepted grievances forwarded to Criminal Investigations or those forwarded to the Facility ADA Coordinator.**

The Offender has seven (7) Calendar Days from the Warden's response date to file a Central Office Appeal. The Grievance Coordinator or Commissioner's Designee may waive this time limit for Good Cause.

The Offender must send an appeal via the Kiosk/Tablet or fill out and sign Attachment 5, Central Office Appeal Form and give it to his/her Counselor. The Counselor must sign and date the Central Office Appeal Form and must give the Offender the receipt, which is the bottom portion of Attachment 5, Central Office Appeal Form.

The Grievance Coordinator must ensure the Grievance, the Warden's/Superintendent's decision, Attachment 5, Central Office Appeal Form, and any supporting documentation is electronically entered into the JPay System for the Commissioner's Designee to review.

The Commissioner or his/her designee has 120 Calendar Days after submission of the Central Office Appeal Form to deliver a decision to the Offender.

The Commissioner's designee will send the Central Office Appeal decision to the facility Grievance Coordinator, via the JPay System. The Grievance Coordinator will notify the Offender, Via the Kiosk/Tablet or send the decision to the Offender's Counselor, if the Offender does not have access to the Kiosk/Tablet. The Counselor must then give the decision to the Offender and have the Offender sign an acknowledgement of receipt.

If the Commissioner or the Commissioner's designee determines that a grievance should have been accepted by the facility and processed, the grievance will be returned to the facility for investigation, via the JPay System. The Warden/Superintendent will have fifteen (15) calendar days from receipt of the returned grievance to process and deliver the decision to the Offender, via the JPay System. If the Offender does not have access to a Kiosk/Tablet, a paper copy will be provided utilizing Attachment 4, Warden's/Superintendent's Grievance Response. Once the Offender receives the Warden's 2nd response, the Offender will have seven (7) calendar days from the Warden's response date to file the 2nd Central Office Appeal.

Emergency Grievances Procedure:
Emergency Grievances must be immediately referred to the Duty Officer. The Duty Officer shall be responsible for monitoring the JPay System during each duty rotation and is responsible for the following:

1.  The Duty Officer must determine if the Grievance fits the definition of an Emergency Grievance. If it does, the Duty Officer must immediately take whatever action necessary to protect the health, safety, or welfare of the Offender, and provide an initial response within 48-hours. This information shall be documented, and the Offender must be given a written response, via the Kiosk/Tablet, to his Emergency Grievance within five (5) Calendar Days.
2.  If the Duty Officer determines that the grievance does not fit the definition of an Emergency Grievance, the Emergency Grievance will be closed. The reason why the grievance is not considered an emergency, must be documented and the Offender must be notified of this, via the JPay Kiosk/Tablet, within five (5) Calendar Days. The Offender can then file a new grievance, within ten (10) Calendar Days of the notification, if the new grievance meets the requirements of this SOP.

# EXHIBIT A-3

SOP 227.02
Attachment 4
05/10/2019

## WARDEN'S/SUPERINTENDENT'S GRIEVANCE RESPONSE

Offender's Name: Daniel Williams

GDC #: 392777

Grievance Number: 346973

Facility: Coffee Correctional Facility

RESPONSE TO GRIEVANCE:

A review of your complaint has found that you allege in your grievance that on 12/14/22 you were hit by food cart in the hallway. You also state in your grievance that inmates who push food carts don't pay attention to other inmates.
Your resolution requested is to make sure Administration advice inmates working in the kitchen to be aware of their surroundings while pushing food carts in the hallways.
Offender Williams was checked out in medical after incident and was no injury found. He was released back to inmate population.
Administration advised offenders who push food carts to be more careful and be aware of their surroundings.
Therefore, I recommend this grievance be partially granted. No further action is warranted.

_____
Warden's/Superintendent's signature

_1-6-23___
(date)

I ACKNOWLEDGE RECEIPT OF THE ABOVE RESPONSE ON THIS DATE:

_____
Offender's signature

_1 - 12 - 63_
(date)

*You have seven (7) calendar days within which to appeal this Response to your Grievance Coordinator. If the last day is not a business day at your institution, you may file it on the next day that is a business day.*

Retention Schedule: Upon Completion, this form shall be maintained with the grievance packet for four (4) years and then destroyed.

SOP 227.02
Attachment 1
2/26/18

*CONFIDENTIAL*

**Offender GRIEVANCE FORM (Facsimile)**

INSTITUTIONAL STAFF USE ONLY

OFFENDER NAME Williams Daniel    OFFENDER NUMBER 392777

INSTITUTION Coffee Correctional Facility    GRIEVANCE NUMBER 346973

DATE COMPLETED FORM RECEIVED FROM OFFENDER 12/16/22 BY

Dean for C/m Jones

DATE APPEAL RECEIVED ___/___/___ BY _____

THIS FORM MUST BE COMPLETED IN INK. YOU MUST INCLUDE SPECIFIC INFORMATION CONCERNING YOUR GRIEVANCE TO INCLUDE DATES, NAMES OF PERSONS INVOLVED, AND WITNESSES.

DESCRIPTION OF INCIDENT: On 12-14-22 I Daniel Williams was leaving unit #4 for a sick call out. upon entering hallway #2 Walking I was struck from behind by a high speed moving Food Cart. that weighed over 500 lb while [three] Kitchen Inmates was pushing and horseplay in the hallway not Paying attention of who were in the pathway. I was struck blindside from behind the Impact knock me down hands, Knees and Face first hitting the cement floor. A/Maintence worker came to my Rescue, and pull me from under the cart. upon recieving Bruises to my right knee and Lower back with Server Pain, I was rush to medical by two nurses in a wheelchair for treatment.

RESOLUTION REQUESTED: These young Kitchen Inmates had been warn by staff members, and security Officers not to be Rushing the Food Cart at a high speed horseplaying before they run into someone walking in the Hall, and hurt them. a strict Rules need to put in Place. to secure the safety of Inmates and Staff where the will not be Injury because of horseplaying food cart are use for horseplaying by Inmates Workers.

Daniel R. Williams    12/15/22

Offender Signature    Date

RECEIVED BY COFFEE CORRECTIONAL FACILITY
BY GRIEVANCE COORDINATOR
DEC 2 0 2022

Is this grievance being filed within the 10-day time limit? Please answer Yes or No. If the answer is No, please explain why.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**RECEIPT FOR GRIEVANCE AT COUNSELOR'S LEVEL**

OFFENDER'S NAME Williams Daniel    GDC I.D. # : 392777

I ACKNOWLEDGE RECEIPT OF GRIEVANCE FORM FROM THE ABOVE INMATE.

DATE: 12/16/22    COUNSELOR'S SIGNATURE Dere for C/m Jones

*Form PI-2001*

Retention Schedule: Upon completion of this form, it will be placed in a file in the Grievance Coordinator's office.

# INCIDENT STATEMENT

| Facility | Coffee Corr facility | Incident Number | |
|---|---|---|---|

| Incident Date | 12-14-22 | Incident Time (HRS) | 825 AM |
|---|---|---|---|

| Person Name | ID Number (Employee #/Inmate #/Civilian ID) | Person Type (Employee/Inmate/Civilian) | Person Role (Witness or Participant) |
|---|---|---|---|
| Daniel L. Williams | 392777 | | |

| Housing Location (For Inmates/Residents Only) | 4N-32 B |
|---|---|

**Based on your own knowledge, what did you see, hear, and do?**

I was leaving Unit 4N For a call out medical sick call appt on-12-14-22 and while walking up the hall & Zulu ran over by a kitchen food cart while three inmates was pushing at a high speed coming from building 7 & 8. was not playing attention one of the maintence worker Jonathan Sirah and other came over to rescue me, but the food cart had already hit me from behind and kneot me down to the cement floor and the maintence went down too the floor two trying to Rescue me. I was dizzy and in pain a chair was brought out for me to sit until Medical nurses Arrives my Knee bruese and back and legs was in pain I was given a high dose Injection in my leg, to early the Serves pain, I was having - and then I went to Radiology the next day 12-15-22.

**Did you receive any injuries? (YES or NO  (If YES, Explain Below)**

Bruises to my Right Knee, and lower back that raice my level of pain, Taking pain Medication.

**Were you evaluated by medical? (YES or NO**

| Printed Name: | Daniel L. Williams | | |
|---|---|---|---|
| Signature: | Daniel L. Williams | Date: | 12/15/22 |
| Typed By: | | Date: | 12/15/22 |

This section to be completed by CoreCivic staff if the civilian/other or inmate/resident refused to complete the 5-1C.

Place an "X" in the appropriate box:

| | Inmate/Resident refused to complete this 5-1C |
|---|---|
| | Civilian/Other refused to complete this 5-1C |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

10/3/13

Proprietary Information – Not For Distribution – Copyrighted - Property of CoreCivic

5-1C

# INCIDENT STATEMENT

| Facility | Coffee Corr facility | | Incident Number | |

| Incident Date | 12-14-22 | | Incident Time (HRS) | 8:25 AM |

| Person Name | ID Number (Employee #/Inmate #/Civilian ID) | Person Type (Employee/Inmate/Civilian) | Person Role (Witness or Participant) |
|---|---|---|---|
| JONATHAN SHIRAH | 837386 | | |

| Housing Location (For Inmates/Residents Only) | 4N-37T | |

**Based on your own knowledge, what did you see, hear, and do?**

I, JONATHAN SHIRAH, ON 12-14-22 WAS standing by Maintenance room about 8:25 a.m. I saw Mr. Williams exit building 4 using his cane, He started walking going to his destination and an inmate pushing the tray cart from building 7+8 came down the hall and run over Mr. Williams. I looked up right when he was hit and I ran to try to catch Mr. Williams and we both hit the ground.

**Did you receive any injuries? YES or NO (If YES, Explain Below)**

**Were you evaluated by medical? YES or NO**

| Printed Name: | JONATHAN SHIRAH | | |
| Signature: | Janath Shirt | | |
| Typed By: | | Date: 12-15-22 |
| | | Date: |

This section to be completed by CoreCivic staff if the civilian/other or inmate/resident refused to complete the 5-1C.

Place an "X" in the appropriate box:

| | Inmate/Resident refused to complete this 5-1C |
| | Civilian/Other refused to complete this 5-1C |

| Employee/Witness Printed Name | | Date: |
| Employee/Witness Signature | | |

| Employee/Witness Printed Name | | Date: |
| Employee/Witness Signature | | |

10/3/13

Proprietary Information – Not For Distribution – Copyrighted - Property of CoreCivic

**BACK PAIN**

13-71A4

| | | | | |
|---|---|---|---|---|
| **Inmate Name:** | WILLIAMS, DANIEL L | **Inmate #:** 392777 - | **DOB:** | 10/25/1947 |
| **Facility Name:** | CCF | **Date:** 12/14/2022 | **Time:** | 11:20:26 AM |

*ATTENTION: IF A PROFESSIONAL JUDGMENT IS REQUIRED BEYOND YOUR SCOPE OF PRACTICE SET FORTH BY THE NURSING PRACTICE ACT OF YOUR STATE OR YOU HAVE QUESTIONS ABOUT HOW TO PROCEED, YOU MUST CONSULT WITH A HIGHER DISCIPLINE.*

**SUBJECTIVE (Check all that apply)**

*If clinical assessment presents signs and symptons abdominal pain, NOTIFY LIP and utilize ABDOMINAL PAIN-CONSTIPATION- DIARRHEA Protocol. If suspected trauma, NOTIFY LIP and document all findings for an emergency on the Emergency Flowsheet 13-34A1 and A2. If clinical assessment presents signs and symptoms of genitourinary complaints, NOTIFY LIP and utilize GENITOURINARY Protocol.*

1) Chief Complaint: (In patients own words)   I was knocked over by someone pushing the food cart; my back and knee is hurting

2) Onset of Symptoms:   1    ⊙ hour(s)   ○ day(s)   ○ week(s)   ○ month(s)   ○ other:

⊙ New    ○ Recurrent    ○ Chronic

3) Are you allergic to anything (e.g. medications, bee stings)?   ⊙ No   ○ Yes
If yes, describe:   NKDA

4) Location of Pain:   right knee and lower back
Pain Scale (1-10):   5    (document on anatomical form)

5) Type of Pain:   ☐ Sharp   ☑ Dull   ☑ Intermittent   ☐ Constant   ☐ Pressure   ☐ Throbbing
☐ Awakes you from sleep   Radiates:   ⊙ No   ○ Yes - describe
☐ Worse at night    ☐ Other:

6) Is your back pain due to injury or trauma?   ○ No   ⊙ Yes
If yes, describe:   inmate has a history of back pain but states his   (use anatomical figure to document)
Character of injury/wound:   No injuries noted to lower back; no bruising or edema
How did injury occur?   inmate states he was knocked over by the food cart
Where did the injury occur?   ⊙ Inside of facility - describe   B Hallway
                              ○ outside of facility -   NA
(if injury has security implications/issues, notify shift supervisor or designee)

7) Do you have a history of the following?   ☐ Cancer   ☐ Osteoporosis   ☐ Trauma to back
☐ Kidney stones: when   Denies    ☐ Back surgery: when   Denies
☑ Other:   inmate states he has a rod in his back

8) Are you experiencing any of the following? Pain with:   ☐ numbness - where:   No
                                                         ☐ tingling - where:   No
☐ pain with breathing   ☐ pain with urination   ☐ flank pain   ☐ change in urine color   ☐ urine frequency
☐ unexplained weight gain/loss   ☐ penile discharge   ☐ loss of bladder or bowel control
☐ range of motion (ROM) impaired   ☐ fever/chills   ☐ coughing   ☐ other:   Denies

SUBJECTIVE FINDINGS (continued):   my knee and lower back are hurting

**FINDINGS REQUIRING IMMEDIATE CONSULTATION WITH LICENSED INDEPENDENT PROVIDER (LIP):**
☐ Loss of bladder or bowel control, any worsening or severe pain, any numbness or tingling, previous trauma/surgery to the affected area

| | | | | |
|---|---|---|---|---|
| **Signature:** Morgan, Ann | **Title:** RN | **Date:** 12/14/2022 | **Time:** 11:20:26 AM |

Proprietary Information - Not For Distribution - Copyrighted - Property of CoreCivic

04/04/18

## BACK PAIN continued

**OBJECTIVE (Check all that apply. Use space below for additional comments)**

**9) Vital Signs:** B/P: 182/80    Pulse: 62    Respirations 18
Temperature: 97.3    Height:    Weight:

**10) Is patient** **unable to:**
- ☐ bend side to side
- ☐ extend or bend back
- ☐ touch toes
- ☐ walk on heels
- ☐ walk on toes
- ☐ move all extremities

**11) Skin:** ☐ warm  ☐ cool  ☐ dry  ☐ moist/clammy  ☐ pink
☐ sweating  ☐ pale  ☐ flushed  ☐ cyanotic

**12) Peripheral Pulses:** ○ present  ○ absent

**13) Circulation:** ☐ swelling in extremities - describe

**14) Describe any weakness or decreased range of motion of extremities:**
Describe any change in sensation or loss of sensation:

**15) Appearance:** ☐ no abnormalities  ☐ abrasion  ☐ bruising  ☐ vomiting  ☐ swelling
☐ abnormal gait  ☐ muscle spasms  ☐ redness
☐ tender to the touch - location

**16) Bowel sounds:** ☐ Present X    ☐ Diminished X
☐ Absent X    *(must listen to each quadrant for 1 minute with no sound to = absent)*

**17) Is patient being followed in Chronic Care?** ○ No  ○ Yes
If yes, list:
**If no, schedule consultation with the LIP within 14 days to determine if enrollment in Chronic Care Program is necessary**

**18) Has the patient been seen previously at sick call for this complaint?** ○ No  ○ Yes
If yes, list dates:
**(Note: If the patient has been seen two or more times for this same complaint, referral to an LIP is necessary)**

**19) Current Medications:** ☐ Reviewed with patient - ○ no issues
○ issues

**OBJECTIVE FINDINGS (continued):**

**FINDINGS REQUIRING IMMEDIATE CONSULTATION WITH LICENSED INDEPENDENT PROVIDER (LIP):**
- ☐ Temp < 96F or > 101F  ☐ Resp. < 14 or > 24  ☐ Pulse < 50 or > 110  ☐ BP: sys < 90 or > 160 / dia > 100
- ☐ Swelling, bruising, any weakness or decreased ROM, loss of sensation to any area -- or any other abnormal findings noted in objective section # 9-18

**ASSESSMENT**

**EXPLAIN ASSESSMENT DECISION RELATED TO CLINICAL FINDINGS, TO INCLUDE PHYSICAL ASSESSMENT:**

- ☐ Loss of bladder or bowel control, any worsening or severe pain, any numbness or tingling, previous trauma/surgery to the affected area.
- ☐ Temp < 96F or > 101F  ☐ Resp. < 14 or > 24  ☐ Pulse < 50 or > 110  ☐ BP: sys < 90 or > 160 / dia > 100
- ☐ Swelling, bruising, any weakness or decreased ROM, loss of sensation to any area -- or any other abnormal findings noted in objective section # 9-18

If LPN instructed to follow nursing intervention plan of care, consulted with: Name
Medical Provider/RN Notified Date:    Time    Title
Emergency department notification time:    Transport time:
Signature: Morgan, Ann    Title    Date: 12/14/2022    Time 11:20:26 AM

**BACK PAIN (continued)**

13-71A4

**ASSESSMENT continued:**

Findings requiring urgent consultation with Licensed Independent Provider (LIP)

☐ Unexplained weight loss          ☐ History of cancer          ☐ Any weakness or decreased ROM

Findings requiring routine consultation with Licensed Independent Provider (LIP)

☐ Chronic joint pain or back pain that is unrelated to trauma and unrelieved by nursing intervention

**PLAN:**

☐ Consulted with: Name [                    ]          Title [                    ]

☐ Orders received -   ○ No   ○ Yes. If yes, list [                    ]

☐ Temporary lay-in/restrictions x 24 hours if indicated - (if longer timeframe needed, obtain an LIP order)

☐ Urine dipstick   ○ normal results   ○ positive results - list findings: [                    ]

**DO NOT dispose of the urine without consulting with the LIP first

☐ Disposition -

○ Emergent referral (immediately)   ○ Urgent referral (within 24 hrs)   ○ Routine referral (within 2 - 14 days)   ○ None

☐ Scheduled with Provider: Name [                    ]   Title [                    ]

☐ Return to clinic if symptoms worsen

☐ Patient Education -

☐ Instructed to avoid heavy liftings, strenuous work/activity until problem resolved.

☐ Follow-up sick call if no improvement within 4 days

☐ Inmate verbalizes understanding of instructions.

☐ OTC Medication(s) [name, dose, route, frequency, duration] -

☐ Tylenol 325 mg -   2 tablets by mouth every 4 - 6 hours as needed x 4 days

☐ Motrin (Ibuprofen) 200 mg -   2 tablets by mouth three times a day as needed x 4 days

☐ Analgesic Balm -   to affected area 4 times a day for 7 days

☐ Other: [                    ]

**PLAN (continued)**

| | | | | | |
|---|---|---|---|---|---|
| Inmate Name: | WILLIAMS, DANIEL L | Inmate # | 392777 - GDC | DOB: | 10/25/1947 |
| Signature: | Morgan, Ann | Title: | | Date: 12/14/2022 | Time: 11:20:26 AM |

**SUBJECTIVE**

**OBJECTIVE**

**ASSESSMENT**

**PLAN**

| Inmate Name: | WILLIAMS, DANIEL L | | Inmate/Resident# | 392777 - GDC |
|---|---|---|---|---|

| Signature: | Morgan, Ann | Title: | Date: | 12/14/2022 | Time: | 11:20:26 AM |
|---|---|---|---|---|---|---|

Page 4 of 4

Proprietary Information - Not For Distribution - Copyrighted - Property of CoreCivic

04/04/18

 **InterRadiology, Inc.**
medical-imaging-solutions

**Healthcare Corrections X-Ray**
P.O. Box 12512
Tallahassee, FL 32317-2512
Phone (844) 651-6971

## FINAL-RADIOLOGY-REPORT

| | | | |
|---|---|---|---|
| Patient Name: | **Williams Daniel L** | Date of Exam: | **12/15/2022** |
| Patient ID: | **392777** | Ordering Physician: | **Graham Robert Dr.** |
| D.o.b. [Gender]: | **10/25/1947 [M]** | Type of Exam: | **R knee - pain** |
| Facility Name: | **coffeega** | Tech Name: | **No information provided** |
| Facility Fax Number: | **No Info ...** | Exam Read: | **12/16/2022 3:43:52 AM AZ MST** |

Reason for Exam: No information provided

Procedure: 1
Findings: Technique: Right knee, 2 views Comparison: None. Findings: No radiographic evidence of acute fracture or dislocation. The patella, distal femur, proximal tibia and fibula are intact. There is no deep sulcus sign to suggest anterior cruciate ligament tear. The bony mineralization is mildly decreased. There is no joint effusion. Moderate narrowing of the medial and patella-femoral joint spaces.

Impression: Impression: 1. No definite radiographic evidence of acute fracture or dislocation. If there are persistent symptoms, followup x ray or CT may be obtained as clinically warranted. 2. No joint effusion. 3. Mild osteopenia. 4. Moderate osteoarthritis.

*Naiyer Imam*

---

Interpreting Physician: Dr. Naiyer Imam, MD

THIS REPORT IS BASED SOLELY UPON THE RADIOGRAPHIC EXAMINATION CORRELATION WITH THE CLINICAL EXAMINATION IS ESSENTIAL.

The Protected Health Information contained in the above document is highly confidential. It is intended for the exclusive use of the addressee. It is to be used only to aid in providing specific healthcare service to this patient. Any other use is a violation of Federal Law (HIPAA) and will be reported as such.

SOP 227.02
Attachment 2
5/10/19

STAFF LOCAL INVESTIGATIVE REPORT AND RECOMMENDATION FORM

INSTITUTION:    **Coffee Correctional Facility**                    DATE:  1/3/23

TO:        GRIEVANCE COORDINATOR/ALTERNATE GRIEVANCE COORDINATOR

FROM:  **Eva Harrell**

--------------------------------------------------------------------------------------------------------------

Offender's  Name: **Daniel Williams**

GDC #: **392777**

Offender's Basic Allegation or Complaint:

Offender alleges he was hurt by food cart in the hallway on 12/14/22. He wants administration to advice food cart inmates to be aware of other inmates in the hallway.

Summary of Investigation:

According to his medical paperwork, Offender was checked out in medical and was determined that there was no injury found. This grievance should be partially granted.

_____            _____
Staff Signature:                                                   Date:   1-3-23

Concur with Staff Findings:    Yes: ☐    No: ☐

Grievance Coordinator:    _____

Retention Schedule: Upon Completion, this form shall be maintained with the grievance packet for four (4) years and then destroyed.

(Reproduced locally)

# EXHIBIT A-4



Georgia Department of Corrections
Office of Professional Standards
P.O. Box 1529
Forsyth, Georgia  31029

ATTACHMENT 9
SOP 227.02

Brian P. Kemp
  Governor

Tyrone Oliver
Commissioner

## CENTRAL OFFICE APPEAL RESPONSE

Offender's Name:  Williams, Daniel

GDC#:  392777

Grievance Number: 360294

Facility:  Coffee Correctional Facility

A member of my staff has reviewed your grievance.  The review revealed that you failed to follow the proper procedure for filling the formal grievance; therefore, this grievance was rejected for the following reason(s):  Grievance was filed out of time frames as outlined in policy.  Therefore, this grievance is being denied.

Commissioner's Designee, Southeast Region (ej)          Date: 02/20/2024

Office of Professional Standards

I ACKNOWLEDGE RECEIPT OF THE ABOVE RESPONSE ON THIS DATE:

_____          2/23/024
Offender's Signature                                    Date

SOP 227.02
Attachment 5
5/10/19

**DATE APPEAL RECEIVED FROM OFFENDER** *12/7/23*        *Crosby*

## GRIEVANCE APPEAL FORM

*Williams, Daniel*        *392777*        *360294*
OFFENDER NAME        I.D. NUMBER        GRIEVANCE NUMBER

I reject the Warden's/Superintendent's response to my grievance. The basis for this appeal is as follows:

*That on October 25, 2023 From 10:8M untill 8PM my Locker Box was broken into (Three) JPAy Items was Stolen (ON Unit 4N) ~~Keep~~(error) (1)- JPay Headphone (1) J.Pay Battery charge (1) JPAY tablet Switched out For a disable one. A report and Complaint was Made to night Shift officer Ms Hood, She log it down in the log book for the next day Shift to investigate, and give me the proper paper or grievance and Property Stolen Sheet to fill out (No one Investigate or gave me Anything to fill out, Concerning my Property, I wrote unit mge Clark, and had Served several interviews with Him about this Matter, and about Stolen Property And How I was being Harrass by this Inmate Ronald Paul, "cont" attached Sheet*

NOTE: The option to appeal a proposed resolution rests with the grievant. All grievances indicating a desire for appeal will be forwarded to the next level. However, to allow a full review of all issues the grievant wishes considered, he or she should state these reasons clearly in the appeal. Statements such as "not satisfied" or "appeal further" will result only in a general review. **If for some reason this appeal is being submitted later than the allotted time frame, please state clearly the reasons why if you wish for this appeal to be considered.** This appeal form along with the Grievance Form must be submitted to your Counselor or Grievance Coordinator.

OFFENDERS'S
SIGNATURE: *Lisa Crosby*        DATE: *12/7/23*

grievance Confience                    Statement of facts
Sheet Attached,

27    This grievance was rejected by Warden Stone
Without investigating the bona fide facts, as to why a
Grievance and Property Stolen was not timely filed
as required by your procedure, but upon the facts
Stated herein this Appeals you will see that
it will Show that Daniel Williams was Subject and
partjp to duress, because of a breach of duties
by the Administration and Authority and unit mge that
was on duty-and failure of them to Protect his
Property and the Verbal and as assault of a danger
and violence Inmate, which is stated within this
Appeal,

On October 25, 2023, my Personal Property was Stolen
by a Very Violence and danger Inmate by the name of
Ronald Paul. gang affiliated member. Nickname 88, It was
reported to the night shyft Officer Ms Hood, She Logged
the accident down in the log Book request the
on Coming day Shyft, C.T. And unit Mge Clark investigate
and give me the Properly paper of a Property Stolen
Sheet and a grievance, It was Overlooded, And No investigation
Was done, See grievance.

'A Written Complaint was in a letter was Sent
to you unit Mge Clark about the accident and the
Harrashment Concerning Ronald Paul, the gang member and
Inmate williams went to unit Mge Clark Office
discussing this Matter of Harrashment, and took evidence.
                        Page # 2

and Sgt Adam was present and Clark discuss
the Burn sheet and blanket, with burn holds in it
and yet they did nothing to slove the
Matter.

The Last visit too unit Mge Clark office
during the two weeks harrashment, and under
duress, he quoted" Williams, I promise you
that It may not be today" or Tomorrow
but I will move him.

The question, was I Scare, yes, I was most
definitely Scare, I was being watch by Him each
time I left the dorm, My Bed was set on fire
more than on one occasion, Blanket. Sheet, Burn
and a (Shank(Knife) had been banish so I could
See it, I was under duress for a whole(two)
week, and Label a Snitch, I felt at risk and
danger of being hurt and Beat up by this Voilence
Inmate, Paul, which had no reason to be in the
Honor dorm, unit Mge Clark was aware of the paperwork
but he frail to make it avculable to me, and gave me the
Property Stolen Sheet on the 9th when the accident Happen on the 25th
on Octombep 2023. He assure he was taking care of that.
I requested Video, TO No Avail.

The Administration and Authority Faulure to Protect my Property
and from Verbal Assault. and Physical Abuse. This Inmate had fought
Inmate Hair a Crip gang member, and(four) other Crip gang member on B. Hall
and Stab one, My Safety Was my First Priority. to shut My mouth,

Page # 3

Grievance

attached Page:

Question Presented

1 "Whether the Nightshift Officer Hood correctly performed but her administrive duties as a Correctional Officer, upon Inmate Williams of 4N making his Complaint to her about his Locker Box being broken into and his property stolen reporting it too, the Day shift CT and unit mge TO investigate the issue, and So supply Inmate Williams with a proper grievance form, And Property Stolen Sheet

2 Whether or not the CT, And unit Mge Clark on the day shift breach their duties, When they fail to investigate the stolen property Claim and Complaint that Officer Hood made to "both" of them by logging it into the log Book on Octomber 25, 2023? about Inmate Williams property had being Stolen. While he was out on Sick Call appointment during that day.

3 Whether or not unit Mge Clark failure to Protect Williams from his Property being Stolen, and from the Verbal assault of harrashment and abuse of a ADA Inmate that was Scare and intimidate not too Say anything about What had happen, by Inmate Paul a gang leader, and affilluted by setting his Bed on fire on Serveral Occassion Burning his Blanket and Sheets, And Laying in his Bed, smoking a Joint of Strip during a period of approximate of (two) Weeks before he Was Final Move, Upon Inmate Williams being Terrorized to Scare to go too Sleep. Thinking What this danger Inmate was do too him While Wigging out Smoking drug everyday.

Page # 4

Grievance
attached Page.

Cont; 4 " Whether by failing too protect Inmate Williams while
he was being in duress, while seeking a grievance and assistance
from the Officer and unit Mge Clark, they was told about
Inmate Paul Verbal abuse, and Physical Abuse, by setting
his Bed on fire, intimidating him, upon showing him that
he had a (Shanks (Knife) and prior to the accident
of stealing his property. and Verbal assaulting and
physical abusing inmate Williams, I had witness
a gang fight between him and Adaris a Crip
gang leader in the B-Hall Area, where he Stab, Adaris
with a Shanks, and fought 4 other Crip gang members
that was Danger Voilence Inmate and I Knew it,"


5, Whether or not, it was no fault of Inmate Williams in not
timely filing his grievance, and Property stolen sheet because
during his two weeks by the unit mge Clark was aware that Williams
was under duress, unlawful Complelsion) he was Threats (with Verbal Violence
and physical violence not too tell or Snitch, us a affirmitive defense
of duress, Inmate Main goals, is not to put themself at risk
on harm, and too avaid the Consequence while there is
not Protection by Authority ·
     See · Aguilar-Avelleveda V Terrel 478 F.3d 1223, 1225 (10 cin 2007)
(grievance or Complaint is Waived, through No fault of the prisoner)


Page # 5

Conclusion

I respect the grievance policy in good faith but when a Person Inmate is under duress the frame outline should be waive, and I believe by the Constitutional, a person have right not to be under duress when he is order to do something or perform a duty.

The great loss, that I have and will continue to suffer with stolen property. My J.PAY Tablets, I had over $500.00 worth OF Christian Gospel Songs, (Sermons) and R&B. Song, and Amusement gAmes, bought from J PAY, And also special Funeral Video, Procession of my (Two Brothers) (A Sister) A. Nephew) all these special Items Memory Cannot be Compensated,"

My Solution didn't Ask for Any Money at All Wanted Was a new or used J PAY tablet and Charger, so I Could Retrieve the above Items. And memories Back on my tablet by Redownloading them For Some Relief.

I pray in good faith that my grievance be granted with any further action.

"Wishing Gods Speed"
Thanks

Page # 6

Attachment 11
3/19/19

# WARDEN'S/SUPERINTENDENT'S
# REJECTED GRIEVANCE RESPONSE

**Offender's Name:** Daniel Williams

**Grievance Number:** 360294

**GDC#:** 392777

**Facility:** Coffee Correctional Facility

☑ This grievance revealed that you failed to follow the proper procedure for filling the formal grievance; therefore this grievance is rejected for the following reason(s):

☐ Does not personally affect the offender.

☐ Matters over which the Department has no control, including parole decisions, sentences, probation revocations, court decisions, and any matters established by the laws of the state.

☐ Disciplinary actions, including any warnings, sanctions, fees, or assessments. The disciplinary appeal procedure is located on SOP 209.01, Offender Discipline.

☐ Involuntary assignments to Administrative Segregation. The procedure to appeal such assignment is located in SOP 209.06, Administrative Segregation.

☐ Co-pay charges assessed for health care. The procedure to appeal such charges is located in SOP 507.04.03, Offender/Probationer Health Concerns or Complaints.

☐ Transfers of offenders between institutions.

☐ Housing Assignments, program assignments, security classifications or work assignments, unless there is an alleged threat to the offender's health of safety. The procedure to appeal such assignments is located in SOP 220.03, Classification Committee.

☐ Special Religious Requests that request a special religious accommodation outside the accommodations allowed for by policy. The procedure to file a Special Religious Request is located in SOP 106.11, Religious Accommodations.

☐ Allegations of Sexual Abuse and/or Sexual harassment shall be forwarded to the Sexual Abuse Response Team (SART) and processed in accordance with SOP 208.06, Prison Rape Elimination Act – PREA Sexually Abusive Behavior Prevention and Intervention Program.

☑ Grievance was filed out of time frames as outlined in policy.

☐ Grievance included threats, profanity, insults, or racial slurs that are not part of the offender's allegation.

☐ Grievance contained more than one issue/incident.

☐ Grievance contained extra pages other that those allotted and had writing on the backside of a page.

☐ Goal Devices including issuance, usage, access, loss or termination of privileges, repair or replacement of the tablets, etc.

| Warden Signature | 12-5-23 |
| | Date |

I AKCNOWLEDGE RECEIPT OF THE ABOVE RESPONSE ON THIS DATE:

| Offender's Signature | 12·07-23 |
| | Date |

You have seven (7) calendar days within which to appeal this Response to your Grievance Coordinator. If the last day is not a business day at your institution, you may file it on the next day that is a business day.

Retention Schedule: Upon Completion, this form shall be maintained with the grievance packet for four (4) years and then destroyed.

GEORGIA DEPARTMENT OF CORRECTIONS

STATE OF GEORGIA
Offender Grievance
Williams, Daniel L - GDC ID 392777

Grievance# 360294 - Status: Pending Investigation Results



Brian P. Kemp
Governor

Tyrone Oliver
Commissioner

| GRIEVANCE DETAIL | | | |
|---|---|---|---|
| Facility Grievance Against: | Coffee Corr Facility | Grievance Type: | Formal |
| Grievance Date: | 11/09/2023 | Form Received Date: | 11/09/2023 |
| Expedited Grievance: | No | Grievance Category: | Missing/Confiscated Property |

Complaint/Resolution:    Failure to protect personal property and a verbal assault by inmate Ronald Paul. On October 25th 2023 on unit 4N my locker was broken into and my personal property was stolen. 1Jpay Kiosk headphone, 1 Jpay battery charger, and after my Jpay tablet was taken and switched out for disable one. This happen on the 25th of October 2023 and this incident and theft was report to the night shift officer this happen between 1030AM until 730PM and she log it down in the book for the next day shift to investigate. No one investigated, however I wrote a complaint to the unit manger Clark and had several interviews with him about this matter and what was going stolen property be harassed by this inmate bed sat on fire. Resolution requested: I am request that the inmate be moved to avoid further harassment and that all three Jpay items that was stolen be replaces old or new replacement. I requested video review from the unit manager Clark but no avail.

| PERSONS INVOLVED | |
|---|---|

No Persons Involved

| INCIDENTS INVOLVED | |
|---|---|

No Incidents Involved

| RESOLUTION | | |
|---|---|---|
| Status: | Not Resolved | Status Date: |

Resolution Comments:

SOP 227.02
Attachment 3
5/10/19

**WITNESS STATEMENT**

| PLACE | DATE | TIME | FILE NUMBER |
|---|---|---|---|
| Coffee Correctional Facility | 1-16-23 | | |

| LAST NAME, FIRST NAME, MIDDLE NAME | EMPLOYEE ID NUMBER | STATE ID NO. |
|---|---|---|
| Jennis, Kayla | 2237378 | |

INSTITUTION OR ADDRESS
CCF

**SWORN STATEMENT**

I,                    WANT TO MAKE THE FOLLOWING STATEMENT UNDER OATH:

I/m Williams, Daniel   392777  did not
file   a lost/stolen property claim.

EXHIBIT                    INITIALS OF PERSON MAKING STATEMENT

PAGE 1 OF _____ PAGES

ADDITIONAL PAGES MUST CONTAIN THE HEADING "STATEMENT OF ___ TAKEN AT ___ DATED _____ CONTINUED." THE BOTTOM OF EACH ADDITIONAL PAGE MUST BEAR THE INITIALS OF THE PERSON MAKING THE STATEMENT AND BE INITIALED AS "PAGE ___ OF ___ PAGES." WHEN ADDITIONAL PAGES ARE UTILIZED, THE BACK OF PAGE 1 WILL BE LINED OUT, AND THE STATEMENT WILL BE CONCLUDED ON THE REVERSE SIDE OF ANOTHER COPY OF THIS FORM.

Retention Schedule: Upon Completion, this form shall be maintained with the grievance packet for four (4) years and then destroyed.
(Reproduced locally)

SOP 227.02
Attachment 3
5/10/19

STATEMENT (Continued)

**AFFIDAVIT**

I, _Kayla Davis_____ HAVE READ OR HAVE HAD READ TO ME THIS STATEMENT WHICH BEGINS ON PAGE 1 AND ENDS ON PAGE ____. I FULLY UNDERSTAND THE CONDITIONS OF THE ENTIRE STATEMENT MADE BY ME. THE STATEMENT IS TRUE. I HAVE INITIALED ALL CORRECTIONS AND HAVE INITIALED THE BOTTOM OF EACH PAGE CONTAINING THE STATEMENT. I HAVE MADE THIS STATEMENT FREELY WITHOUT HOPE OF BENEFIT OR REWARD,   WITHOUT THREAT OF PUNISHMENT, AND WITHOUT COERCION, UNLAWFUL INFLUENCE, OR UNLAWFUL INDUCEMENT.

_____
(Signature of Person Making Statement)

WITNESS

Subscribed and sworn to before me, a person authorized by law to administer oaths, this ____ day of _____, 20__ at _____

INSTITUTION OR ADDRESS

_____
(Signature of Person Administering Oath)

INSTITUTION OR ADDRESS

_____
(Typed Name of Person Administering Oath)

_____
(Authority To Administer Oath)

INITIALS OF PERSON MAKING STATEMENT

PAGE    OF    PAGES

Retention Schedule: Upon Completion, this form shall be maintained with the grievance packet for four (4) years and then destroyed.

SOP 227.02
Attachment 3
5/10/19

| WITNESS STATEMENT | | | |
|---|---|---|---|
| PLACE **Coffee Correctional Facility** | DATE | TIME | FILE NUMBER |
| LAST NAME, FIRST NAME, MIDDLE NAME<br>Clark, Dwayne | EMPLOYEE ID NUMBER<br>38424600 | | STATE ID NO. |
| INSTITUTION OR ADDRESS | | | |

| SWORN STATEMENT |
|---|

I, **UM Clark** _____, WANT TO MAKE THE FOLLOWING STATEMENT UNDER OATH:

Offender Williams, Daniel, GDC#392777 was advised to fill out a Lost/Stolen Property claim.
The Offender he is talking about in his grievance was moved out of the building.
EOS

| EXHIBIT | INITIALS OF PERSON MAKING STATEMENT | |
|---|---|---|
| | | PAGE 1 OF _____ PAGES |

ADDITIONAL PAGES MUST CONTAIN THE HEADING "STATEMENT OF ___ TAKEN AT___ DATED ____ CONTINUED." THE BOTTOM OF EACH ADDITIONAL PAGE MUST BEAR THE INITIALS OF THE PERSON MAKING THE STATEMENT AND BE INITIALED AS "PAGE ___ OF ___ PAGES." WHEN ADDITIONAL PAGES ARE UTILIZED, THE BACK OF PAGE 1 WILL BE LINED OUT, AND THE STATEMENT WILL BE CONCLUDED ON THE REVERSE SIDE OF ANOTHER COPY OF THIS FORM.

(Reproduced locally)

Retention Schedule: Upon Completion, this form shall be maintained with the grievance packet for four (4) years and then destroyed.

SOP 227.02
Attachment 3
5/10/19

STATEMENT (Continued)

---

AFFIDAVIT

I, _____ HAVE READ OR HAVE HAD READ TO ME THIS STATEMENT WHICH BEGINS ON PAGE 1 AND ENDS ON PAGE _____. I FULLY UNDERSTAND THE CONDITIONS OF THE ENTIRE STATEMENT MADE BY ME. THE STATEMENT IS TRUE.    I HAVE INITIALED ALL CORRECTIONS AND HAVE INITIALED THE BOTTOM OF EACH PAGE CONTAINING THE STATEMENT.   I HAVE MADE THIS STATEMENT FREELY WITHOUT HOPE OF BENEFIT OR REWARD, WITHOUT THREAT OF PUNISHMENT, AND WITHOUT COERCION, UNLAWFUL INFLUENCE, OR UNLAWFUL INDUCEMENT.

_____
(Signature of Person Making Statement)

WITNESS

Subscribed and sworn to before me, a person authorized by law
to administer oaths, this ____ day of _____, 20__
at _____

_____

INSTITUTION OR ADDRESS

_____
(Signature of Person Administering Oath)

_____

_____
(Typed Name of Person Administering Oath)

INSTITUTION OR ADDRESS

_____
(Authority to Administer Oath)

INITIALS OF PERSON MAKING STATEMENT

PAGE    OF    PAGES

---

Retention Schedule: Upon Completion, this form shall be maintained with the grievance packet for four (4) years and then destroyed.

SOP 227.02
Attachment 2
5/10/19

STAFF LOCAL INVESTIGATIVE REPORT AND RECOMMENDATION FORM

INSTITUTION: **Coffee Correctional Facility**                DATE: 12/05/23

TO:        GRIEVANCE COORDINATOR/ALTERNATE GRIEVANCE COORDINATOR

FROM: **CM T. Crosby**

-----------------------------------------------------------------------------------------------------------------------------

Offender's Name: **Daniel Williams**

GDC #: **392777**

Offender's Basic Allegation or Complaint:
Offender alleges his personal property was stolen. He wants all his missing items to be replaced.

Summary of Investigation:
Based on the statement provided by UM Clark, I recommend this grievnace be denied. UM Clark advised this Offender to fill out a Lost/Stolen Property claim. Offender Williams did not file a Lost/Stolen Property Claim.

Staff Signature: _____          Date: _____12-5-23_____

Concur with Staff Findings:     Yes: ☑  No: ☐
Grievance Coordinator: _____

Retention Schedule: Upon Completion, this form shall be maintained with the grievance packet for four (4) years and then destroyed.

(Reproduced locally)